UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUN 30 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOSHUA BARRETT SHAPIRO,

    Petitioner,

v.                      ACTION NO. 2:10cv543

KEN STOLLE, Sheriff,
City of Virginia Beach,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Joshua Barrett Shapiro ("Shapiro"), was convicted in the General District Court of the City of Virginia

Beach of one (1) count of assault and battery and one (1) count of disturbing the peace. Shapiro appealed the conviction to the Circuit Court of the City of Virginia Beach, which convicted him following a de novo bench trial on November 6, 2008. Shapiro was sentenced to twelve (12) months in jail on the assault and battery conviction and (12) months in jail on the disturbing the peace conviction, for a total sentence of twenty-four (24) months. The trial court suspended all time on Shapiro's sentence other than time served, on the conditions of good behavior and no contact with the victim. The final order for his convictions was entered on March 2, 2009.

Shapiro filed an appeal with the Court of Appeals of Virginia. In an order dated September 2, 2009, Shapiro's appeal was denied and Shapiro's challenge to the sufficiency of the evidence was found meritless. Shapiro's petition for appeal to the Supreme Court of Virginia was refused on May 18, 2010.

Shapiro filed a petition for a writ of habeas corpus in the Virginia Court of Appeals on July 31, 2009, alleging that his conviction in the trial court had been based on the trial judge's ex parte communications with her clerk, rather than the evidence presented. The Virginia Court of Appeals dismissed the petition without prejudice to Shapiro's right to file a habeas petition in the appropriate circuit court on November 23, 2009, noting that

it would not consider an original habeas petition, absent exceptional circumstances. On January 11, 2010, the Virginia Court of Appeals refused Shapiro's petition for rehearing. Shapiro appealed the denial of rehearing to the Supreme Court of Virginia, which refused the appeal on July 26, 2010. The Supreme Court of Virginia summarily denied Shapiro's request for a rehearing on September 24, 2010.

On November 9, 2010, after having been released from physical custody, but while subject to the conditions of his suspended sentence, Shapiro filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 4.) On January 12, 2011, the Court ordered that the Sheriff of Virginia Beach be substituted as the proper respondent. (ECF No. 9.) On February 11, 2011, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum and a Roseboro Notice. (ECF Nos. 10-13.) On February 14, 2011, Shapiro filed an amended petition for writ of habeas corpus.[1] (ECF No. 14.) Respondent filed his Rule 5 Answer and Motion to Dismiss with supporting memorandum and Roseboro Notice in response to the

---

[1] The court notes that, although it would ordinarily consider whether to grant Shapiro leave to amend his habeas petition under Federal Rule of Civil Procedure 15(a), Respondent has not opposed the amendment. The Court will therefore GRANT Shapiro's Motion for Leave to file amended petition and consider Shapiro's amended petition to be properly filed.

3

amended petition on February 25, 2011. (ECF Nos. 15-18.) Shapiro has not filed a reply to Respondent's Motion to Dismiss.[2]

### B. Grounds Alleged

Shapiro asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Shapiro was denied due process by the Commonwealth's administration of medically inappropriate antipsychotic drugs without Shapiro's consent;

(2) Ineffective assistance of counsel, based on counsel's failure to investigate or discover the administration of antipsychotic drugs;

(3) Shapiro's sixth and fourteenth amendment rights were violated by the trial judge's ex parte communications with her law clerk;

(4) Shapiro's sixth and fourteenth amendment rights were violated by the trial judge's ex parte communications with the prosecutor and subsequent order to undergo psychological evaluation without

---

[2] On March 21, 2011, Shapiro filed a document stating that he had attempted to file his reply to Respondent's Motion to Dismiss, but had been unable to physically access the Courthouse because he does not possess a state-issued identification card. (ECF. No. 19.) Shapiro requested that the Court allow him physical access to the Courthouse without state-issued identification to submit his filings. Id. On April 5, 2011, the Court denied Shapiro's motion and directed him to file his reply brief within ten days of the date of that order. (ECF. No. 21.) On May 5, 2011, cognizant of Shapiro's pro se status, the Court granted Shapiro an additional thirty days to file a responsive brief. (ECF. No. 22.) Additionally, the Court granted Shapiro leave to contact courthouse security to arrange for assistance in filing his reply in a manner consistent with the security requirements of the Walter E. Hoffman United States Courthouse. Id. Shapiro did not take advantage of either extension granted by the Court.

4

notice or consultation with defense counsel;

(5) Ineffective assistance of counsel, based on counsel's failure to raise the issue of the trial court's ex parte communications with her law clerk on appeal;

(6) Ineffective assistance of counsel, based on counsel's failure to raise the issue of the trial court's ex parte communications with the prosecutor on appeal;

(7) Insufficient evidence to convict in light of Shapiro's unimpeached testimony and the Commonwealth witnesses' bias against Shapiro.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court FINDS that Claim 1 is not cognizable under a federal petition for habeas corpus relief. The Court further FINDS that all of Petitioner's cognizable claims are exhausted, but that Claims 2-6 are procedurally defaulted and should be DISMISSED WITH PREJUDICE. Upon review of the merits, the Court RECOMMENDS that Claim 7 be DENIED and DISMISSED WITH PREJUDICE.

Prior to addressing exhaustion and procedural default, it is appropriate to dispense with those claims that do not provide a cognizable basis for habeas relief. The federal habeas statute provides that a "federal court 'shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States." Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)(quoting 28 U.S.C. § 2254(a)). Habeas petitions are thus a proper remedy when challenging the fact or duration of a prisoner's confinement, but are inappropriate where a petitioner challenges only the conditions of such confinement. Preiser v. Rodriguez, 411 U.S. 475, 498, 93 S.Ct. 1827, 1840-41 (1973).

Claim 1 merely asserts that the Commonwealth caused Shapiro to be medicated without his consent and does not challenge the fact or duration of his confinement. Because the claim does not allege that the involuntary medication affected either his conviction or the sentence imposed, it cannot be considered by this Court. Accordingly, this Court FINDS that Claim 1 is not cognizable on federal habeas review.

## A. Exhaustion

In order for the Court to address the merits of Shapiro's claims, the claim must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v.

Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In this case, therefore, the exhaustion requirement for a claim is satisfied if Shapiro advanced that claim to the Supreme Court of Virginia, either on appeal of his conviction or in a habeas petition.

In his direct appeal, Shapiro argued that the evidence presented was insufficient to sustain his convictions, because his testimony was not impeached and the Commonwealth witnesses were biased against him. This claim is identical to Claim 7 in the instant petition. Claim 7 is, therefore, exhausted.

The remainder of Shapiro's claims, Claims 2-6, were never properly presented to the Virginia Supreme Court. When Shapiro brought his state habeas petition, he filed his petition in the Virginia Court of Appeals, which will only hear such petitions under exceptional circumstances. Although the Virginia Court of Appeals dismissed the petition without prejudice to his right to file a habeas petition in an appropriate court, Order, Record No. 1682-09-1 (Va. Ct. App. Nov. 23, 2009), Shapiro appealed the denial of rehearing to the Supreme Court of Virginia. The Supreme Court of Virginia adjudicated only Shapiro's appeal of the denial of rehearing, rather than the merits of his habeas petition. Order, Record No. 092448 (Sup. Ct. Va. May 18, 2010). The state

habeas petition was, therefore, never properly presented to the Virginia Supreme Court and cannot exhaust Shapiro's state remedies.

Further, if Shapiro were now to present Claims 2-6 in a petition for writ of habeas corpus to the Supreme Court of Virginia, his petition would not be timely filed and the matter would be dismissed pursuant to Virginia Code § 8.01-654(A)(2). Under this section, a petition for habeas corpus must be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." The later of these alternatives for Shapiro is May 18, 2011; a year after the Virginia Supreme Court denied his petition for appeal. This deadline has expired. Therefore, Shapiro would be procedurally barred from seeking relief from the state court, and thus, for the purposes of this petition, Claims 2-6 are exhausted.

### B. Procedural Default

Although all of Shapiro's cognizable claims are technically exhausted, Claims 2-6 are also procedurally defaulted and barred from this Court's review. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted[,

and simultaneously procedurally defaulted,] if it is clear that the claim would be procedurally barred under state law if the petitioner [now] attempted to present it to the state court.").

Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that is "clearly and expressly defaulted under an independent and adequate state procedural rule" unless the prisoner can demonstrate "cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice." Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). The Fourth Circuit has held that a state statute that limits the period of filing is an "adequate and independent state ground," and may bar federal habeas review of the claims. Weeks, 176 F.3d at 273; Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). As noted above, if Shapiro were now to raise Claims 2-6 in the Virginia Supreme Court, they would be barred as untimely under Virginia Code § 8.01-654(A)(2).

Based on the foregoing, the Court FINDS that Shapiro's cognizable claims are exhausted, but the Court further FINDS that Claims 2-6 are procedurally defaulted under Virginia law, and therefore barred from this Court's review.

### C. Limited Exceptions to Procedural Default

Although Claims 2-6 are procedurally defaulted, Shapiro may

still obtain review of these claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claim will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Shapiro fails to allege any cause for failing to present Claims 2-6 to the Virginia Supreme Court. Most significant is the absence of any articulation of cause for Shapiro's failure to

10

bring his state habeas petition in the appropriate state court, despite the Virginia Court of Appeals explicit leave to do so. Order, Record No. 1682-09-1 (Va. Ct. App. Nov. 23, 2009). Additionally, Shapiro's ineffective assistance of counsel claims pertain to the performance of his trial counsel, and do not suggest that there was any impediment to Shapiro's ability to comply with the state's procedural rules during his post-conviction proceedings. Strickler, 527 U.S. at 283 n.24; Wright, 151 F.3d at 160 n.5; Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995) ("[I]neffective assistance of trial counsel does not excuse [Petitioner's] own failure to raise all of his claims in a petition for post-conviction relief."). Therefore, Shapiro cannot prove cause and prejudice; accordingly, Claims 2-6 remain procedurally defaulted.³

A claim of actual innocence may excuse procedural default if

---

³ Insofar as Shapiro has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claim. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted). Further, even in the instance where error occurred, a petitioner must show actual disadvantage as a result, and not merely a possibility of harm. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope V. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).

11

the petitioner "show[s] that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Carrier, 477 U.S. at 496). The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 324, 327. For example, actual innocence may be demonstrated by the credible confession of another person, Sawyer v. Whitley, 505 U.S. 333, 340 (1992), "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence,". Schlup, 513 U.S. at 324. In the instant case, the arguments Shapiro has presented as evidence of his actual innocence were all presented at trial and, thus, are not new evidence. Based on the foregoing, Shapiro has failed to prove a miscarriage of justice and his claims remain procedurally defaulted. Accordingly, the Court FINDS that Shapiro has not established that he is entitled to review of Claims 2-6 and they remain procedurally defaulted.

### D. **Merits**

The Court now considers Claim 7 on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that

adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254(d). This statute requires "'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389. In deference to the state court's decision, this Court may not grant relief unless it determines that the decision on the merits was "legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

### 1. Claim SEVEN – The Evidence Presented was Insufficient to Sustain Shapiro's Convictions

In Claim 7, Shapiro argues that the trial court erred by finding the evidence presented was sufficient to convict him,

13

because his testimony was not impeached and the Commonwealth's witnesses were biased against him. "Though claims of insufficient evidence are cognizable on federal habeas review, a federal [habeas] court's review of such claims is 'sharply limited.'" Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)) (other citations omitted)). A federal court's review of such claims "is not meant to consider anew the [fact finder's] guilt determination or to replace the state's system of direct appellate review." Id. at 405-06 (citing Wright, 505 U.S. at 292). As such, a petitioner is entitled to relief on such a claim "only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id. at 406 (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979) (other citations omitted)).

This Court looks to the last reasoned state court decision, in this instance, the ruling of the Virginia Court of Appeals. See Ylst v. Nunnemaker, 501 U.S. 797, 805-06 (1991); Bush v. Legursky, 966 F.2d 897 (4th Cir. 1992). The Supreme Court of Virginia's subsequent denial of Shapiro's petition for appeal in that court was a decision on the merits. Saunders v. Reynolds, 214 Va. 697, 702, 204 S.E.2d 421, 423 (1974). The Virginia Court of Appeals found that there was sufficient evidence to find Shapiro guilty of assault and battery and disturbance of the

14

peace. <u>Shapiro v. Commonwealth</u>, Record No. 0671-09-1 (Va. Ct. App. Sep. 2, 2009)(per curiam). The prosecution presented evidence that Shapiro pushed Lacy Austin, the victim, and threatened him with a knife. <u>Id.</u> The arresting officer testified that he had observed a large kitchen knife at the scene and that the victim appeared distressed. <u>Id.</u> Although Shapiro argues that his testimony denying any knowledge of the event was not impeached and that the Commonwealth's witnesses were biased against him, it is for the trial court to make such determinations of credibility. <u>U.S. v. Stevenson</u>, 396 F.3d 538, 542-43 (4th Cir. 2005) (citing <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512 (1985)). In the instant case, a rational trier of fact could have found Shapiro guilty of assault and battery and disturbance of the peace. Because the record is not devoid of evidentiary support for the convictions, Shapiro's convictions do not violate his due process rights, and therefore, the Court RECOMMENDS that Claim 7 be DENIED and DISMISSED WITH PREJUDICE.

### III. RECOMMENDATION

For the foregoing reasons, having found that Claim 1 is not cognizable, Claims 2-6 are procedurally defaulted, and Claim 7 is meritless, the Court RECOMMENDS that Petitioner's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to

Dismiss be GRANTED, and that all of Petitioner's claims be DISMISSED WITH PREJUDICE.

Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or

recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
June 30, 2011

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Joshua Barrett Shapiro
2013A East Orangethorpe Avenue
Placentia, California 92870
PRO SE

Kevin O. Barnard, Esq.
Frith Anderson & Peake, P.C.
P.O. Box 1240
Roanoke, Virginia 24006-1240
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By: _____
Deputy Clerk

_June 30_, 2011